

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CIVIL NO. JFM-15-1878
CRIM. NO. JFM-11-0526

ANDRE RICARDO ROACH,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.
_____/

## PETITIONER'S REPLY TO THE GOVERNMENT'S MOTION TO DISMISS

COMES NOW, Andre Ricardo Roach ("Petitioner") pro-se, in the above styled cause, respectfully files this Reply to the Government's Motion to Dismiss. This Reply address several distinct issues raised in the Government's Motion to Dismiss, and in furtherance thereof, Petitioner states as follows:

**A. Petitioner affidavit contains a clerical error.**

As the Government has pointed out, Petitioner affidavit does contain a typo error in ¶8 of his Affidavit, the date in ¶8 should have read 4/3/2014. Thus, this Petitioner ask this Court to note the typical error, as it was done inadvertently.

**B. Equitable Tolling should be applied to Petitioner's claim.**

The Government in its Motion to Dismiss contends that Petitioner's §2255 motion should be denied as procedurally barred, because it was filed out of time. Further, the Government disingenuously contends that Petitioner has not even made the allegation that equitable tolling should be applied to the one year statute of limitations. See Government's Motion to Dismiss at page 3.

-1-

Contrary to the Government's contentions. Petitioner asserted in his §2255 motion a valid explanation for **equitable tolling** to be applied in this case. See ¶ 4 on page 4(a) of Petitioner's §2255 motion.

The one-year limitations period in §2255 may be equitably tolled in certain cases. Equitable tolling is available only in "those rare instances where-due to circumstances external to the party's own conduct- it would unconscionable to enforce the limitation period against the party and gross injustice would result." <u>ROUSE v. LEE</u>, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Moreover, "any invocation of equity to relieve the strict application of a **statute of limitation** must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." <u>HARRIS v. HUTCHINSON</u>, 209 F.3d 325, 330 (4th Cir. 2000).

Accordingly, under the Fourth Circuit's "extraordinary circumstances" test, Petitioner is entitle to equitable tolling only if he "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." <u>ROUSE</u>, 339 F.3d at 246. Petitioner must also show that he was prevented from filing despite exercising reasonable diligence in investigating and bringing the claims. <u>HARRIS</u>, 209 F.3d 330.

Here, Petitioner asserts that on October 23, 2013, Petitioner was sentenced before the Honorable J. Frederick Motz to 360 months incercaration. Upon being sentence Petitioner was turned over to State custody, there he remained until he was remanded into

federal custody on 3/4/2014. Thus, from on or about a week after Petitioner's federal sentencing to March 3, 2014, Petitioner was not provide with access of federal law, where he was housed at in State custody. Therefore, being that Petitioner did not have access to federal law, his statute of limitations period should have been tolled due to this extraordinary circumstances, where Petitioner filed his §2255 motion within one year of entering into federal custody on March 3, 2014. Thus, under the circumstances of this case this Court should find that equitable tolling is appropriate. See e.g. **SALLEY v. UNITED STATES**, 938 F.Supp 2d 580, 585 (4th Cir.) (Court concludes that equitable tolling is appropriate, where §2255 movant did not have access to recent up-to-date Supreme Court opinions while house in state custody).

More importantly, Petitioner asserts that he filed his §2255 motion on February 27, 2015, by delivering the motion to prison authorities, for mailing to the District Court. Why or how it was not filed until June 25, 2015, is beyond Petitioner's knowledge or control. Thereby, Petitioner ask this Court to find that his filing date is February 27, 2015, and not June 25, 2015.

## CONCLUSION

WHEREFORE, based on the above mentioned facts, argument, and citations of law, Petitioner ask this Court to deny the Government's Motion to Dismiss, and find that Petitioner claim is timely, under equitable tolling, due to extraordinary circumstances, and grant any other relief this Court deems proper, if any be at law.

Respectfully Submitted,

_____
ANDRE RICARDO ROACH PRO-SE

## DECLARATION OF DEPOSIT

I hereby verify and affirm under the penalty of perjury, pursuant to Title 28 U.S.C. §1746, that Petitioner's Reply to the Government's Motion to Dismiss, which pursuant to <u>HOUSTON v. LACK</u>, 487 U.S. 266 (1988), is deemed to be filed at the time it was delivered to prison authority for forwarding to the court. I placed the above reference material in a sealed envelope with First Class Postage affixed, addressed to:

CLERK, UNITED STATES DISTRICT COURT
101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201-2691

UNITED STATES ATTORNEY'S OFFICE
DISTRICT OF MARYLAND
36 SOUTH CHARLES STREET, 4TH FLOOR
BALTIMORE, MD 21201

and deposited the envelope in the proper prison authority's hand to be delivered for collection and mailed via the U.S. Postal Service on this 31st day of August, 2015.

Respectfully Submitted,

_____
ANDRE' RICARDO ROACH, PRO-SE

## II. Equitable Tolling is Appropriate

The one-year limitations period in § **2255** may be equitably tolled in certain cases. Equitable tolling is available only in "those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Moreover, "any invocation of equity to relieve the strict application of a **statute of limitations** must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Accordingly, under the Fourth Circuit's "extraordinary circumstances" test, Petitioner is entitled to equitable tolling only if he "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse*, 339 F.3d at 246. Petitioner must also show that he was prevented from filing despite exercising reasonable diligence in investigating and bringing the claims. *Harris*, 209 F.3d at 330.

After Petitioner was sentenced in federal court on April 22, 2005, he was turned over to state *custody. He* was convicted of Burglary 2nd and Possession of a Stolen Weapon in state court on July 20, 2005. After receiving his state sentence, he was turned over to the South Carolina Department of Corrections. He served his state sentence in a number of different facilities from September 2005 until August 2012. According to Petitioner's affidavit, none of the state facilities in which he was housed maintained libraries with up-to-date legal materials. Therefore, while in **state prison** he did not have access to recent Supreme Court opinions. However, shortly after being transferred to federal custody in {938 F. Supp. 2d 585} August 2012, he became aware of the *Chambers* and *Rivers* decisions. He filed his § **2255** Motion to Vacate in September 2013.

Without knowledge that the courts had changed the interpretation of "violent felony" for purposes of the career offender enhancement, Petitioner had no reason to file his Motion to Vacate. Petitioner's lack of access to up-to-date court opinions from September 2005 until August 2012 was an extraordinary circumstance beyond his control that prevented him from filing his Motion within one year of either the *Chambers* or *Begay* decisions. Furthermore, that Petitioner filed his untimely Motion within weeks of learning of the new decisions is evidence of his diligence in investigating and bringing his claims. Under the circumstances of this case, the Court concludes that equitable tolling is appropriate.

1ydcases

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.